[Civ. No. 54347. Second Dist., Div. Three. Apr. 26, 1979.]

JIMMY C. YOUNG et al., Plaintiffs and Appellants, v.
CITY OF INGLEWOOD, Defendant and Respondent.

COUNSEL

Wright & Thompson and Lawrence M. Adelman for Plaintiffs and Appellants.

David W. Cornwell for Defendant and Respondent.

OPINION

COBEY, Acting P. J.—Plaintiffs, Jimmy C. and Brenda L. Young, appeal from a judgment that they take nothing by their first amended complaint for negligence from defendant, City of Inglewood.[1] The appeal lies. (Code Civ. Proc., §§ 581d, 904.1, subd. (a).)

█ The sole issue on appeal is whether plaintiffs have stated a cause of action for negligence against the city. We believe that they have and will therefore reverse.

---

[1]The rendition of this judgment followed the making of an order sustaining, without leave to amend, the city's general demurrer to the only cause of action plaintiffs pled against the city. The judgment should have been one dismissing plaintiffs' action against the city. (See Code Civ. Proc., § 581, subd. 3.)

## FACTS

The pertinent facts alleged by plaintiffs in the challenged pleading may be summarized as follows: Plaintiffs owned a residence in the city, which they decided to remodel extensively. In February 1976, plaintiff, Brenda L. Young, filed with the city an application for a building permit for this work. At this time she informed the city that the contractor for the work was one Cox and she paid all the necessary fees to the city. Cox, in turn, hired an architect by the name of Craig to draw the plans and specifications to be used by Cox in remodeling plaintiffs' house. Craig, without any authority whatsoever, then changed plaintiffs' aforementioned application for a building permit by crossing out Cox's name as the designated contractor and inserting instead the words "not selected." Craig then signed the application, again without any authority therefor, as the authorized agent of the owners, the plaintiffs. Thereupon the city, through specified employees, issued a building permit for the remodeling, although, according to plaintiffs' information and belief, such employees then knew that Cox, and not Craig, was going to do the remodeling and such employees then also knew or, with the exercise of reasonable care, should have known, that Cox was not then and never had been a licensed contractor. Cox, an experienced but unlicensed contractor, thereafter undertook the remodeling and abandoned the work uncompleted after several months of unworkmanlike and negligent effort to the great damage of plaintiffs.

## DISCUSSION

Plaintiffs seek to hold the city liable, pursuant to Government Code section 815.6,[2] for its just-described alleged negligence in issuing its building permit for their remodeling. More specifically, plaintiffs contend that they have alleged in effect that the city did not exercise reasonable diligence in discharging an unspecified mandatory duty (actually imposed upon it by Bus. & Prof. Code § 7031.5)[3] which is to issue building permits only when the work covered by the permit is to be done either by a state-licensed contractor or by one exempt from such licensing.

---

[2]Section 815.6 reads: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

[3]Section 7031.5 read in 1976: "Each county or city which requires the issuance of a permit as a condition precedent to the construction, alteration, improvement, demolition or repair of any building or structure shall also require that each applicant for such a

The city replies that it is immune from such liability under the specific immunity accorded it with respect to the discretionary issuance of permits by Government Code section 818.4.[4]

Unfortunately for the city, the issues raised by the invocation of these two sections of the Governmental Tort Liability Act of 1963 were both resolved against it in *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 904-905, 906, fn. 2, 911, 917 [136 Cal.Rptr. 251, 559 P.2d 606], some two years ago when our Supreme Court dealt with the legal effect of a similar precondition for the issuance of a building permit by a city or a county. We refer to the requirement imposed upon such local entities by Labor Code section 3800—namely, that the applicant for such a permit must first have on file or file a certificate attesting to the adequacy of the workers' compensation insurance coverage of the work to be done under the permit. Our Supreme Court held that compliance with this requirement constituted a mandatory duty under section 815.6 and, being a mandatory duty, the specific immunity granted to public entities by section 818.4 did not extend to noncompliance with this duty since such immunity covered only discretionary activities of public entities.

Here we deal with a failure by the city to comply with another mandatory precondition for the issuance of a building permit. The result must be the same as in *Morris.*[5]

---

permit file as a condition precedent to the issuance of a permit a statement which he has prepared and signed stating that the applicant is licensed under the provisions of this chapter, giving the number of the license and stating that it is in full force and effect, or, if the applicant is exempt from the provisions of this chapter, the basis for the alleged exemption."

[4]Section 818.4 reads: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

[5]The parity of these two preconditions is shown by Health and Safety Code sections 19825, 19826 and 19827. Under them, after July 1, 1980 (see Stats. 1978, ch. 1301, § 1), all building permits issued by a city or a county in this state must contain specified declarations attesting to, among other things, compliance with the aforementioned workers' compensation and licensing requirements.

## Disposition

The judgment under appeal and the order, sustaining, without leave to amend, the city's general demurrer to plaintiffs' first amended complaint, are both reversed for further proceedings consistent with the views expressed in this opinion.

Allport, J., and Potter, J., concurred.